**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

In re:                                                                    Case No. 2:25-bk-00382-FMD
                                                                           Chapter 13

Jose A. Guerra Diaz
Maxine M. Lamoureux

            Debtor(s).
_____/

**TRUSTEE'S UNFAVORABLE RECOMMENDATION**
**AND OBJECTIONS TO CONFIRMATION OF THE PLAN**

TO:  Clerk, United States Bankruptcy Court

     1.      The Debtors' Petition for Relief to Chapter 13 was filed on March 6, 2025.

     2.      <u>Trustee's Recommendation to the Court</u>.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

     3.      It does not appear that the Debtors have dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

     a.  The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtors have dedicated all disposable income to the Plan:

           income tax returns for 2024, personal and business;
           profit and loss statements starting March 2025 and continuing every month until the case is confirmed.

     b.  The Debtors need to amend Schedule I to show their new employment address.

     c.  Debtors' Current Monthly Income **(Form 122C-1)** needs to be amended to:

           correct line 5 because the net profit should be $6,934.00/month per Debtor's profit and loss statements.

     d.  Debtors' Current Monthly Income **(Form 122C-2)** needs to be amended to:

           correct line 33d because it should be correctly completed along with an amended plan to clarify plan treatment;
           correct lines 20, 21, 22, 26 and 46 to list $0 or provide proof to the Trustee of the expense.

     e.  Based on the Debtors' Forms 122C-1 and 122C-2, respectively, the unsecured creditors are not receiving sufficient funds.

f.  Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtors shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtors are not required to file tax returns, Debtors shall provide Trustee with a statement to that effect.)  For each tax return that becomes due after the case is filed, Debtors shall provide a complete copy of the tax return; including business returns if Debtors own a business, together with all related W-2's and Form 1099's to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtors shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with the tax year <u>2024.</u> Debtors shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability.  **Debtors shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

4.       The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

a.  The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtors have met the best interests of creditors test:

income tax return for 2024;
proof of bank account exemption.

5.       The amount of the Debtors' unsecured and/or secured debt exceeds the limit for Chapter 13 under 11 U.S.C. §109(e).

6.       An Amended Plan must be filed because:

a.  The Plan is unclear as to the treatment of all creditors.

b.  The Plan fails to provide for assumption or rejection of multiple lease(s) and/or contract(s).

7.       The Debtors' Statement of Financial Affairs must be amended to disclose all income for 2023 on line #4.

8.       An Amended 2016(b), and/or Plan, needs to be filed to show the correct amount paid or to be paid to counsel for attorney fees and to include the monthly monitoring fees.

9.       It appears that this case is a business case and the Chapter 13 Trustee's office has and may further investigate the Debtors' business.

<u>/s/ Michael E. Cecil</u>
Michael E. Cecil, Esquire
Staff Attorney for Chapter 13 Trustee
Florida Bar No. 722855
Post Office Box 25001
Bradenton, Florida 34206-5001
Phone:  (941) 747-4644
Fax:     (941) 750-9266

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically by CM/ECF services and/or by U.S. Mail to **Jose A. Guerra Diaz and Maxine M. Lamoureux**, Debtors, 15230 Allura Circle # 2102, Naples, FL 34110, **Richard J. Hollander, Esquire**, Attorney for Debtors, c/o Miller, Hollander & Jeda, 5278 Golden Gate Pkwy, Ste 2, Naples, FL 34116 and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 23rd day of April, 2025.


/s/ Michael E. Cecil
Michael E. Cecil, Esquire


JMW/MEC/ss