UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                Chapter 13
                                                      Case No.  2:25-bk-00382-FMD
Jose A Guerra Diaz and
Maxine M. Lamoureux,

                    Debtors.
_____/

### CREDITORS NAPLES MASSAGE, INC. AND TABATHA PETERSEN'S MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE AND/OR DISCHARGEABILITY

Creditors Naples Massage, Inc. and Tabatha Petersen (the "Creditors"), by and through the undersigned legal counsel, pursuant to sections 105(a), 523(c), and 727 of Title 11 of the United States Code ("Bankruptcy Code") and Rules 4004(b) and 4007(c) of the Federal Rules of Bankruptcy Procedure (each a "Bankruptcy Rule" and, collectively, the "Bankruptcy Rules"), file this motion ("Motion") for an order extending the time for filing a complaint to object to the discharge of debtors Jose A. Guerra Diaz and Maxine M. Lamoureux ("Debtors") and/or to object to the dischargeability of the Debtors' debts to the Creditors and, as grounds therefor, respectfully state as follows:

### JURISDICTION

1.      This Court is the proper venue for this Case pursuant to 28 U.S.C. § 89(b), 1408(1), and 1409. This Court's Fort Myers Division is the appropriate place to hold court under Local Rule 1071-1(b)(4).

2.      The statutory predicates for the relief requested herein include Bankruptcy Code sections 105(a), 523(c), 727 and Bankruptcy Rules 4004(b) and 4007(c).

## BACKGROUND

3.    On March 6, 2025, the Debtors initiated the Case by filing their voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

4.    On March 7, 2025, the Creditors were served a Notice of Chapter 13 Bankruptcy Case (Doc. No. 7) ("Notice of Case").  The Notice of Case provides that the deadline to file a complaint objecting to the discharge of the Debtors under Bankruptcy Code section 727 ("Rule 4004 Deadline") and/or a complaint objecting to the dischargeability of certain debts under Bankruptcy Code section 523 ("Rule 4007 Deadline" and, together with the Rule 4004 Deadline, the "Applicable Deadlines") is June 9, 2025.

5.    On April 10, 2025, the 341 Meeting was held and concluded.

6.    On May 12, 2025, the Creditors issued to the Debtors and their counsel a Notice of 2004 Examination.

7.    On June 6, 2025, the Court entered an Agreed Order Extending Time to Object to Exemptions.

## RELIEF REQUESTED

8.    The Creditors seek the entry of an order: (i) granting the Motion; (ii) extending the Applicable Deadlines for the Creditor through and including July 15, 2025, without prejudice as to further extension requests; and (iii) granting the Creditors such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF REQUESTED

### A.    The Creditors May Request the Extension

9.    The Creditors are empowered to request an extension of the Applicable Deadlines because: (i) the Creditors are parties in interest; and (ii) the Creditors have requested the extension before the Applicable Deadlines lapsed.

10.    Bankruptcy Rule 4007(c) provides, in pertinent part, as follows:

> "[A] complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a*) . . . On motion of a party in interest*, after hearing on notice, the court may *for cause* extend the time fixed under this subdivision. *The motion shall be filed before the time has expired*."

Fed. R. Bankr. P. 4007(c) (2021) (emphasis added).

11.    Bankruptcy Rule 4004(b)(1) provides, in pertinent part, that "the court may for cause extend the time to object to discharge."  Fed. R. Bankr. P. 4004(b)(1) (2021).

12.    The Creditors are parties in interest for the purposes of Bankruptcy Rules 4004 and 4007.  The Bankruptcy Code expressly includes creditors as parties-in-interest.  *Cf* 11 U.S.C. § 1109(b) (2021) ("A party in interest, including . . . a creditor . . . "); 11 U.S.C. § 1121(c) (2021) ("Any party in interest, including . . . a creditor . . . ").

13.    The Motion has been filed not later than the Applicable Deadlines, as the Applicable Deadlines have not yet expired.

14.    Given the foregoing, considering the Motion is an appropriate exercise of the Court's powers.

**B.    Cause Exists to Extend the Applicable Deadlines**

15.    The Court should grant the Motion because cause exists to extend the Applicable Deadlines.

16.    Bankruptcy Rule 4007(c) allows the Court to extend the Dischargeability Deadline "for cause".  Fed. R. Bankr. P. 4007(c) (2021).  Bankruptcy Rule 4004(b) allows the Court to extend the Discharge Deadline "for cause."  Bankruptcy Rule 4007(c) does not define "cause", but "courts seem unified in the view that the term 'for cause' should receive a liberal construction."  *Matter of James*, 187 B.R. 395, 397 (Bankr. N.D. Ga. 1995).  Motions to extend

the time to object to discharge and/or dischargeability "are routinely granted . . . . there is no support for the notion that bankruptcy courts should seldom grant these motions." *In re Sheppard*, 532 B.R. 672, 678 (B.A.P. 6th Cir. 2015).

17.    The Creditors are in the midst of discovery which is likely to provide bases for an objection to discharge and/or dischargeability.  Accordingly, cause exists to extend the Applicable Deadlines.

C.    **Extending the Applicable Deadlines is Appropriate to Carry Out the Bankruptcy Code's Provisions**

18.    The Motion should be granted because the relief requested is appropriate to carry out the Bankruptcy Code's terms.

19.    Bankruptcy Code section 105(a) provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary *or appropriate* to carry out the provisions of this title."  (Emphasis added).  11 U.S.C. § 105(a) (2021) (emphasis added).

20.    Bankruptcy Code section 105(a) confers broad powers upon the Court to issue orders appropriate to fulfill its mandates under the Bankruptcy Code—however, those powers are not without limitations.  As unanimously held by the Supreme Court of the United States, Bankruptcy Code section 105(a) "'does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code[ ]'" or "tak[e] action that the [Bankruptcy] Code prohibits."  *Law v. Siegel*, 571 U.S. 415, 421, 134 S. Ct. 1188, 1194, 188 L. Ed. 2d 146, 153 (2014) (citing 2 *Collier on Bankruptcy* ¶105.01[2] (16th ed. 2013)).

21.    An order extending the Applicable Deadlines is appropriate where, as here, good faith accommodations and investigation necessitate additional time to determine the Debtors' ability to obtain a discharge, as well as the non-dischargeability of the Debtors' indebtedness to

the Creditors.  Failing to grant the Motion would be inappropriate, as it would discourage good faith discovery.

22.     Bankruptcy Rules 4004 and 4007 prescribe the relief requested herein, and nothing in the Bankruptcy Code prohibits the relief requested herein.  Given the foregoing, the Court should grant the Motion.

WHEREFORE, the Creditors respectfully request entry of an order: (i) granting the Motion; (ii) extending the Applicable Deadlines for the Creditors through and including July 15, 2025, without prejudice as to further extension requests; and (iii) granting the Creditors such other and further relief as the Court deems just and proper.

**Dated**:  June 6, 2025

Respectfully submitted,

**DAL LAGO LAW**
999 Vanderbilt Beach Road
Suite 200
Naples, FL 34108
Telephone:  (239) 571-6877

By:  */s/ Jennifer M. Duffy*
MICHAEL R. DAL LAGO
Florida Bar No. 102185
Email:  mike@dallagolaw.com
CHRISTIAN GARRETT HAMAN
Florida Bar No. 1017079
Email:  chaman@dallagolaw.com
JENNIFER M. DUFFY
Florida Bar No. 1028911
Email: jduffy@dallagolaw.com

*Counsel for Creditors Naples Massage,*
*Inc. and Tabatha Petersen*

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was electronically served through the Court's CM/ECF Noticing system upon entry to all parties registered to receive notice including **Richard Hollander, Esq., Counsel for Debtors**, Miller, Hollander, & Jeda, 5278 Golden Gate Pkwy, Suite 2, Naples, FL 34116; **Jon Waage, Chapter 13 Trustee**, P.O. Box 25001, Bradenton, FL 34206-5001; and via First Class U.S. Mail, postage prepaid, to **Jose Guerra Diaz and Maxine Lamoureux**, 16255 Allura Circle 3113, Naples, FL 34110 this 12th day of May 2025.

By:  */s/ Jennifer M. Duffy*
JENNIFER M. DUFFY
Florida Bar No. 1028911

*Counsel for Creditors Naples Massage, Inc. and Tabatha Petersen*